# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PIH HEALTH HOSPITAL - WHITTIER, a California non-profit public benefit corporation; and PIH HEALTH HOSPITAL - DOWNEY, a California non-profit public benefit corporation, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Co. d.b.a BLUE CROSS AND BLUE SHIELD OF ILLINOIS, and DOES 1 THROUGH 25, INCLUSIVE, <br><br> Defendants. | No. 24-cv-02779 <br><br> Judge April M. Perry |

## **OPINION AND ORDER**

The Court denies Defendant's Motion for Reconsideration [31]. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The Motion inaccurately states that this Court's ruling "creates inconsistent rulings in the Northern District of Illinois regarding the same allegations..." Mot. at 2. However, to the extent there is a split of authority, it existed prior to this Court's decision. *Compare Regents of Univ. of California on Behalf of UCLA Health Sys. v. Health Care Serv. Corp.*, No. 22 C 6960, 2024 WL 2209595 (N.D. Ill. May 14, 2024) (finding no preemption of implied-in-fact contract and *quantum meruit* claims), and *Affiliated Dialysis of Joliet, LLC v. Health Care Serv. Corp.*, No. 23 CV 15086, 2024 WL 1195607 (N.D. Ill. Mar. 20, 2024) (same), and *Stanford Health Care v. Health Care Serv. Corp.*, No. 23-CV-4744, 2023 WL 7182990 (N.D. Ill. Nov. 1, 2023) (same), *with John Muir Health v. Health Care Serv. Corp.*, No. 22-CV-6963, 2023 WL 4707430 (N.D. Ill. July 24, 2023) (finding complete preemption of implied-in-fact contract and *quantum meruit* claims), and *Mercy Hosp. of Folsom v. Health Care Serv. Corp.*, No. 1:24-cv-02749, 2024 U.S. Dist. LEXIS 116462 (N.D. Ill. July 2, 2024) (same). In issuing its decision, the Court carefully considered each of these rulings. More fundamentally, any so-called split created by the Court's ruling would not warrant reconsideration under the reconsideration standard. As the Court already noted in its Opinion and Order, district-court decisions do not bind other district courts. And Defendant cites no authority supporting how inconsistency might otherwise amount to manifest error.

The Motion to Reconsider distinguishes this case from *Regents of the Univ. of Cal. v. Health Care Serv. Corp.*, No. 1:22-cv-06960, 2024 U.S. Dist. LEXIS 86659 (N.D. Ill. May 14, 2024), arguing that *Regents* was properly remanded because in that case the healthcare provider received pre-authorization for the medical treatment. This Court notes, however, that pre-authorization was also pled by the Plaintiff in the Complaint in this case. Compl. ¶ 14 ("Prior to the dates of service…PIH sought and received authorization for treatment from HCSC. HCSC gave authorization reference numbers and approved the medically necessary services rendered to Patients, and HCSC approved the admission of the Patients."). Defendant submitted evidence challenging Plaintiff's claim of pre-authorization with respect to one patient ("Patient 9"), but that evidence is by no means clear cut. For example: Plaintiff submitted an EOB that appears to indicate that Patient 9 bore no financial responsibility for the treatment at issue here and argues that surely this demonstrates that any required benefit plan conditions were met. Meanwhile, Defendant has submitted evidence in the form of an affidavit stating that HCSC was not responsible for pre-authorization of services under this particular benefit plan, and that it did not find evidence in HCSC's business records that pre-authorization had been provided by the entity that was responsible. In reply, Plaintiff submitted evidence (which Defendant argues should be disregarded as having come too late) that Plaintiff's own records indicated that Defendant told Plaintiff that no authorization of Patient 9's treatment was required.

To the extent that Patient 9's treatment was pre-authorized, the Court agrees that this is strong evidence in favor of an implied-in-fact contract between the parties, separate from any benefit plan. But even if the services were not pre-authorized, an implied-in-fact contract could have arisen through other words or actions between the parties either during the course of communicating about Patient 9 or during the parties' course of dealing prior to Patient 9's treatment. And that is exactly what Plaintiff has alleged. *Regents* did not stand for the proposition that pre-authorization is the *only* fact which might lead to an independent legal duty. *See Regents*, 2024 WL 2209595, at *5 (noting that the implied-in-fact contract was alleged to have been created because HCSC also issued "Blue Cards to plan participants" and confirmed "patients' eligibility"). Whether or not the claim was denied by Defendant because of lack of coverage in the benefit plan is irrelevant if a separate obligation to pay - outside of the benefit plan - existed. Here, the Plaintiff alleges it did. *See* Opinion and Order [29] at 16 & n.3 (weighing the weakness of Defendant's argument that the benefit plan controls the obligations here).

In summary, there are several possible conclusions that could be drawn about Patient 9's treatment: (1) Patient 9's treatment was pre-authorized by Defendant; (2) Patient 9's treatment was not pre-authorized, but some other communications occurred causing Plaintiff to believe the treatment would be reimbursed; or (3) No relevant communications occurred between the parties that would lead Plaintiff to believe Patient 9's treatment would be covered. Defendant agrees that pursuant to *Regents*, remand would be proper under Scenario 1. And Scenario 2 would support remand based upon an implied-in-fact contract pursuant to *Franciscan Skemp v. Central States*, 538 F.3d 594, 597 (7th Cir. 2008) ("These claims arise not from the plan or its terms, but from the alleged oral misrepresentations made by [Defendant] to [Plaintiff]"). As for Scenario 3, neither the affidavit submitted by Defendant nor its accompanying exhibit aver that there were no relevant conversations between Plaintiff and Defendant about Patient 9 – they simply say there was no record of pre-authorization. It is the Defendant's burden to prove that federal jurisdiction is appropriate, and the Court is not persuaded that Defendant has met that burden here. Just as in *Franciscan Skemp,* the parties are not arguing about plan terms nor is the Plaintiff

seeking to recover plan benefits; the parties are instead arguing about whether dealings between them regarding Defendant paying for patients' medical treatments created an independently enforceable contract under which Defendant owes Plaintiff compensation. For that reason, the Court remains convinced that this case belongs in state court, and Defendant's Motion to Reconsider is denied.

**So Ordered**.

Date: 12/30/2024

*April M Perry*

United States District Judge